STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2023 CA 0068

MAXIMUS US SERVICES, INC.

VERSUS

DR. COURTNEY N. PHILLIPS, IN HER CAPACITY AS THE
SECRETARY OF THE LOUISIANA DEPARTMENT OF HEALTH

Judgment Rendered: **OCT 18 2023**

* * * * *

Appealed from the
19th Judicial District Court
Parish of East Baton Rouge, State of Louisiana
No. C713723

The Honorable Donald R. Johnson, Judge Presiding

* * * * *

Fernin F. Eaton
Baton Rouge, Louisiana

Attorney for Defendant/Appellant,
Louisiana Department of Health

Carroll Devillier, Jr.
Danielle L. Borel
Baton Rouge, Louisiana

Attorneys for Plaintiff/Appellee,
Maximus US Services, Inc.

* * * * *

BEFORE: WELCH, HOLDRIDGE, AND WOLFE, JJ.

Holdridge J. concurs w/ reasons

**WOLFE, J.**

The Louisiana Department of Health (LDH) appeals the district court's judgment that reversed in part the decision of the Commissioner of the Department of Administration, Jay Dardenne, and ordered LDH to release $1,753,787.09 in funds to Maximus US Services (Maximus). In connection therewith, LDH additionally challenges the district court's judgment overruling exceptions of lack of procedural capacity and subject matter jurisdiction. We vacate the judgments and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

This matter involves a dispute over LDH withholding in excess of $3 million in payments allegedly owed to Maximus[1] under two contracts for Medicaid services. Pursuant to La. R.S. 39:1672.2 and 1672.4 of the Louisiana Procurement Code, Maximus filed a formal claim and notice of controversy with the Commissioner. After review, the Commissioner found that LDH owed Maximus $1,637,967.42 of the amounts Maximus requested. Unsatisfied with that result, Maximus filed a petition for judicial review in the district court, seeking an increase in the amount the Commissioner awarded.

The original petition for judicial review named Dr. Courtney N. Phillips, in her official capacity as Secretary of LDH, as defendant. The district court signed a scheduling order on December 2, 2021, in which it ordered production of the administrative record, set briefing deadlines, and ordered the parties to appear on March 11, 2022 for oral argument. Dr. Phillips responded with exceptions of insufficiency of service of process, insufficiency of citation, lack of jurisdiction over her person, and lack of procedural capacity on the part of Maximus. Dr. Phillips

---

[1] In its claim, Maximus represented that in September 2020, it legally changed its name from Maximus Health Services, Inc., to Maximus US Services, Inc. In the district court, LDH challenged Maximus's procedural capacity to proceed. In setting forth the facts and procedural history, we reference "Maximus" without making any legal determination of procedural capacity.

2

also filed a motion to vacate the December 2, 2021 scheduling order in light of the pending exceptions. The district court's order indicated that the scheduling order would be discussed at the hearing on the exceptions.

The district court held a hearing on the exceptions on February 28, 2022. Counsel for LDH appeared and represented that he had previously conveyed to Maximus that LDH would have no objection to Maximus filing an amended petition, which would cure all defects addressed in the exceptions other than Maximus's lack of procedural capacity. The parties then addressed the exception of lack of procedural capacity, with Maximus putting on evidence to establish its corporate name change. At the conclusion of the hearing, the district court sustained the exception of lack of procedural capacity and granted Maximus a specified time frame to amend its petition. Although the scheduling order was discussed, the district court made no ruling with regard to it.

Maximus amended its petition for judicial review, naming LDH as defendant in place of Dr. Phillips. On February 4, 2022, the district court signed a new scheduling order that set briefing deadlines and ordered the parties to appear on April 21, 2022, for oral argument. In response, LDH filed another exception of lack of procedural capacity, as well as an exception of lack of subject matter jurisdiction based on the matter being perempted or prescribed. The district court set the exceptions for hearing on June 6, 2022.

On April 19, 2022, the parties appeared before the district court for a status conference, which was conducted on the record. Maximus's counsel explained that the status conference was requested to clarify how to proceed since oral arguments on the petition for judicial review were scheduled to be heard on April 21, 2022, but LDH's exceptions were set for hearing in June and LDH had yet to file an opposition to the petition. Counsel and the district court discussed the February 28, 2022 hearing and the rulings made that day, which had not been memorialized in a written

3

judgment. The district court ordered both parties to submit proposed judgments for it to compare to a transcript of the February 28, 2022 hearing.

The district court then canceled the April 21, 2022 hearing on the petition for judicial review. The district court advised, "I am going to set a new date to hear the exceptions today which will be sooner than the June 6th date." The district court stated it would allow approximately 30 days, or until May 19, 2022, for the parties to conduct discovery and that it would set the hearing approximately two weeks later, but before the end of the month. The district court asked counsel to review their calendars so that a hearing on the exception could be set during the last two weeks of May. At Maximus's request, the district court agreed that the petition for judicial review would be set for hearing on the same date as the exceptions, stating "Yes. I intend to resolve on the merits, during the month of May, this case. ... I intend to allow the defense process that's due and achieve that objective." The district court then recessed the matter so that it could meet with counsel in chambers to review the filings of record.

On May 23, 2022, counsel for Maximus appeared before the district court for a hearing on LDH's exceptions and the petition for judicial review. Counsel for LDH did not appear. Counsel for Maximus represented that she could not reach LDH's counsel by phone or email and requested "a default type judgment." Counsel for Maximus reminded the district court of the April 19, 2022 status conference and stated "We discussed everything and we reset both their exceptions and the petition for judicial review for today." The district court asked, "And we did that in open court?" Counsel for Maximus responded, "We did that in open court on April 19th. Everyone was here, we confirmed the date[.]" The district court then allowed the hearing to proceed.

Counsel for Maximus requested that the court deny LDH's exceptions but noted they had witnesses and exhibits to present if the court found it necessary. The

4

district court confirmed that the time was 10:50 a.m., that the hearing was set for 10:00 a.m., that counsel for Maximus unsuccessfully attempted to contact counsel for LDH, and that it allowed the matter to proceed at Maximus's request. The district court then overruled the exceptions "based upon ... the pleadings."

The district court then allowed Maximus to argue in support of its petition for judicial review, took the matter under advisement, and ordered counsel for Maximus to submit a proposed judgment. Immediately thereafter, the district court asked if there was a statement from LDH's counsel. Maximus's counsel stated that at 10:51, LDH's counsel responded that the district court had set everything for hearing on June 6, 2022. Maximus's counsel disagreed, stating, "we had it set for June 6th, and you, your honor, moved everything up because it was unfair to us that we had to continue to drag this out." The district court responded, "Noted. We'll deal with the informal communication subsequent, I suppose."

On June 1, 2022, counsel for Maximus filed a proposed judgment that overruled LDH's exceptions of lack of procedural capacity and lack of subject matter jurisdiction. Counsel for Maximus certified that the proposed judgment had been circulated to all parties on May 23, 2022, and that no response from LDH was received. The district court signed the judgment overruling the exceptions on June 14, 2022.

On September 13, 2022, counsel for Maximus filed a proposed judgment that granted its petition for judicial review and awarded it the relief it requested. Specifically, the judgment reversed in part the decision of the Commissioner and ordered LDH to release funds in the amount of $1,753,787.09 to Maximus. The district court signed the judgment the same date, issuing no reasons for its judgment.

LDH suspensively appealed the September 13, 2022 judgment and additionally challenged the June 14, 2022 judgment on the exceptions. After the record was lodged with this court, LDH filed a motion with the district court,

5

requesting supplementation of the appellate record with certain missing items, including proof of notice of the May 23, 2022 hearing. Considering the motion, the district court issued an order, directing its clerk's office to conduct a search for the items alleged to be missing from the record and either supplement the record with the items or file a statement that they were not found after a due and diligent search. The appellate record was not supplemented with proof of notice of the May 23, 2022 hearing or a statement by the clerk of the district court that such proof was not found after a due and diligent search. However, on LDH's motion to supplement, next to LDH's statement that it has been unable to find any notice or return of service of notice for the May 23, 2022 hearing, there appears an undated, handwritten notation that reads, "None per Mindy[.]"

## DISCUSSION

LDH argues on appeal that the district court erred in overruling its exceptions and proceeding to a hearing on the merits on May 23, 2022, without providing LDH did proper notice of the hearing. Based on the record before us, we agree.

"Among the foundations of our system of justice is due process, which embodies fundamental fairness and at its essence requires notice and an opportunity to be heard before a decision is made." **In re Office of Chief Justice, Louisiana Supreme Court**, 2012-1342 (La. 10/16/12), 101 So.3d 9, 10. Thus, it is a basic principle of our legal system that a final judgment cannot be rendered against a party who has not been provided with proper notice. **LMB Services, LLC v. Iberville Parish Government**, 2021-0980 (La. App. 1st Cir. 3/16/22), 341 So.3d 655, 658.

The record of the proceedings in the district court reflect ongoing confusion as to when LDH's second set of exceptions and the hearing on the merits of the amended petition for judicial review were scheduled. The record contains the transcript of the April 19, 2022 status conference that was conducted in open court with all counsel present, wherein the district court acknowledged that at that time

6

the hearing on the exception was scheduled after the hearing on the petition for judicial review. The district court then canceled both of those hearing, stating that it would reset both the exceptions and petition for judicial review for hearing in late May. However, no specific date for that hearing was stated on the record before the matter was recessed for the parties to meet in the district court's chambers.

Maximus argues on appeal:

> The LDH had actual and in-person notice of the scheduling of the hearing on May 23, 2022, but chose not to participate. LDH's counsel was present in court on April 19, 2022 when the [District] Court explicitly upset the June 6, 2022 hearing date and LDH's counsel personally selected the May 23, 2022 hearing date—along with undersigned counsel—with the [District] Court's staff.

Maximus's argument suggests that the May 23, 2022 date was selected while the parties met with district court's staff in chambers. The minutes of court for the date of the status conference similarly suggest that the hearing date was discussed in chambers, stating "the petition for judicial review was to be set on the same new date selected in chambers[.]"

While the parties and district court's staff may have discussed a May 23, 2022 hearing date while meeting in chambers, there is no reference to that date in the transcript of the April 19, 2022 status conference and the record contains no evidence that LDH was given notice that the matters were, in fact, set for hearing on May 23, 2022.[2] Consequently, due process requires that we vacate the district court's June 14, 2022 judgment that overruled LDH's exceptions and the district court's September 13, 2022 judgment that reversed in part the Commissioner's decision.

**CONCLUSION**

For the foregoing reasons, the June 14, 2022 and September 13, 2022 judgments of the district court are vacated. This matter is remanded to the district

---

[2]    In fact, LDH maintains that after the status conference it received notice setting the petition for judicial review for hearing on June 6, 2022.

7

court for further proceedings. The assessment of costs shall await final disposition of this matter.

**VACATED AND REMANDED.**

# STATE OF LOUISIANA
## COURT OF APPEAL
## FIRST CIRCUIT

## DOCKET NUMBER
## 2023 CA 0068

## MAXIMUS US SERVICES, INC.

## VERSUS

## DR. COURTNEY N. PHILLIPS, IN HER CAPACITY AS THE SECRETARY OF THE LOUISIANA DEPARTMENT OF HEALTH



**HOLDRIDGE, J. concurs.**

Louisiana Code of Civil Procedure article 961 requires a written motion and a written order or an oral motion and an oral order in open court. If an order is set orally in open court, the oral order shall be included in the transcript and in the minutes of court. If an order is not made in open court, La. C.C.P. art. 1313(C) mandates that an order that sets a court date shall be served by registered or certified mail, by actual sheriff service, by actual delivery by a common courier, or by e-mailing the document, whereby the sender receives an electronic confirmation of delivery.

In this case, there is no order in the transcript or in the minutes setting the court date. Further, there is no evidence of compliance with La. C.C.P. art. 1313(C) of notice and service of the court date. Therefore, no requirement of the Code of Civil Procedure was followed by the trial court in setting this matter for trial. Any judgment resulting from this failure to follow the mandated procedures must be vacated.